UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANICE L. NICHOLS and DUSTIN SARLO,
individually, as parents, guardians
and next-of-kin on behalf of their
daughter, KASSIE A. NICHOLS, a minor,

    Plaintiffs,

vs.                            Case No. 8:03-cv-1998-T-23MSS

BRIAN F. BUTLER, M.D.,
RADIOLOGY ASSOCIATES OF
WEST FLORIDA, M.D., P.A.,
a Florida corporation and the
UNITED STATES OF AMERICA,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court for consideration of Defendant, the United States of America's Motion to Strike Plaintiffs' Expert Witnesses Frederick A. Raffa, Ph.D. and Kathy W. Willard, M.Ed. and Memorandum of Law (Dkt. 46) and Plaintiffs' response in opposition thereto (Dkt. 48).

Defendant, the United States of America (the "Government") seeks to strike Plaintiffs' experts for untimely designation. The Government informs the Court that under the Case Management Report filed by the parties in this case on December 10, 2003, Plaintiffs' expert witness disclosure deadline was set for September 1, 2004 (Dkt. 12). Defendants' disclosure deadline was set for October 15, 2004 (Dkt.12). On September 2, 2004, Plaintiffs sent their Notice of Disclosure (the "Notice") to the Government. The Notice disclosed the identities of six (6) expert witnesses, including Dr. Frederick A. Raffa, Ph.D. ("Dr. Raffa"). Expert reports for all of the expert witnesses

1

listed were supplied, except for Dr. Raffa's. Ms. Kathy W. Willard, M.Ed. ("Ms. Willard") was not disclosed on the Notice as an expert or otherwise.

On or about January 31, 2005, Plaintiffs sent the Government a Notice of Supplemental Disclosure of Experts (the "Supplemental Notice"). The Supplemental Notice included Dr. Raffa's report, and, for the first time, designated Ms. Willard as an expert. The Supplemental Notice included Ms. Willard's Curriculum Vitae, but did not include her expert report as required by Fed. R. Civ. P. 26(a)(2)(B). The Government further informs the Court that as of the date the Motion to Strike was filed, Ms. Willard's expert report had still not been provided. In addition, the Government claims that Dr. Raffa's expert report is not a detailed and complete report as contemplated and specifically required by Fed. R. Civ. P. 26(a). Finally, the Government claims that the late disclosure of Dr. Raffa's expert report precluded it from submitting Dr. Raffa's report "to an economic expert for evaluation and the preparation of an opposing expert report for timely submission consistent with the requirements of the Case Management and Scheduling Order and Rule 26(a)(2)(B) . . . ." (Def. Mot. to Strike at 7).

Plaintiffs respond that, as of the filing of the Motion to Strike, discovery in this case had not closed, Dr. Raffa's report is complete and the Government has failed to show how it has been prejudiced or that the "supposed non-disclosure" could not be cured during Dr. Raffa's scheduled deposition. Plaintiffs claim that Ms. Willard's expert report could not have been prepared at the time of the disclosure deadline due to Plaintiff, Kassie Nichol's age and her level of education. According to Plaintiffs, "As of this time, Kassie Nichols is 5 years of age and a pre-kindergarten student. Plaintiffs could not have had Kassie's vocational rehabilitation limitations or restrictions assessed any sooner than at this time, when Kassie has received performance evaluations during this school year." (Pl. Resp. in Opposition at 2).

Fed. R. Civ. P. 26(a)(2)(B), requires that expert disclosures be accompanied by "a written report prepared and signed by the witness . . ." Rule 26(a)(2)(B) further provides that:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

When a party fails to comply with these requirements, Fed. R. Civ. P. 37(c)(1), may bar that party from calling its expert:

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed.

Evaluating a plaintiff's deficient Rule 26 expert report, the court in McClain v. Metabolife Int'l, 193 F.Supp.2d 1252, 1258 (N.D. Ala. 2002), stated, "The [c]ourt has discretion in selecting the appropriate sanction for violations of Rule 26, as it does in remedying all discovery violations." The McClain court declined to strike the plaintiff's non-compliant expert report, finding that the deficiencies in the plaintiff's expert report were harmless because the defendant was able to take the deposition of the expert, there was no evidence of bad faith, and the plaintiff supplemented its expert report to cure any defects. Id. at 1259.

Because Defendants have not identified any incurable prejudice, Plaintiffs have until September 9, 2005, to supplement Dr. Raffa's report. Only that information properly provided will be allowed as the subject of Dr. Raffa's opinion. In addition, when Defendants have reviewed Dr. Raffa's supplemental materials, if they conclude that is necessary to either take additional oral

discovery of Dr. Raffa or to supplement their expert disclosure list to include an opposing expert, the Court will allow the additional discovery even though the discovery cut-off in this case was set for June 15, 2005.

Plaintiffs' failure to designate Ms. Willard as an expert prior to the designated cutoff, and failure to seek leave of court to include her as such afterwards is, likewise, not incurably prejudicial to Defendants. Thus, Plaintiffs also have until September 9, 2005, to provide Defendants with Ms. Willard's complete and detailed report. If Defendants have already received Ms. Willard's report and Ms. Willard's deposition has been scheduled or has taken place, Plaintiffs shall file notice of such with the Court immediately. If Ms. Willard's deposition has not yet been conducted, despite the passing of the discovery cutoff, Defendants will be allowed to schedule her deposition at a time and place convenient for them. Plaintiffs' failure to comply with this Order will result in Ms. Willard being stricken as an expert witness in this case.

**DONE and ORDERED** in Tampa, Florida on this 24 day of August 2005.

Mary S. Scriven
United States Magistrate Judge

Copies to:

Counsel of Record
Judge Steven D. Merryday