UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JANICE L. NICHOLS and DUSTIN SARLO,**
**individually, as parents, guardians**
**and next-of-kin on behalf of their**
**daughter, KASSIE A. NICHOLS, a minor,**

    Plaintiffs,

vs.                                                                 Case No. 8:03-cv-1998-T-23MSS

**BRIAN F. BUTLER, M.D.,**
**RADIOLOGY ASSOCIATES OF**
**WEST FLORIDA, M.D., P.A.,**
**a Florida corporation and the**
**UNITED STATES OF AMERICA,**

    Defendants.
_____/

**ORDER**

**THIS MATTER** comes before the Court for consideration of Plaintiffs' and Defendants, Brian F. Butler and Radiology Associates of West Florida, M.D., P.A.'s Joint Motion for Continuance and Joint Motion for Extension of Discovery Deadline (the "Joint Motion")(Dkt. 79) and the United States of America's Opposition thereto (Dkt. 88).

In the Joint Motion, the parties are seeking to continue the trial in this matter from the October 2005 trial term to the "second quarter of 2006" and to extend the discovery deadline from June 15, 2005, to March 31, 2006. (Dkt. 79 at 9). The United States opposes the Joint Motion because 1) motions to continue trial are disfavored after entry of the Case Management and Scheduling Order, 2) the Joint Motion does not contain the requisite good cause for continuance of trial or establish "excusable neglect" for enlarging the discovery period or for disclosure of expert

1

witnesses, 3) the "vague and conclusory" assertions made by opposing counsel with respect to diligence in conducting timely discovery are unsupportable, and 4) the consistent pattern of discovery abuses by opposing counsel should be considered in evaluating the Joint Motion. (Dkt. 88 at 2).

**Discussion**

Any evaluation of the Joint Motion and the United States of America's opposition thereto must begin with the acknowledgment that 1) pediatric cancer is a complex and at times mystifying disease whose physiological effects do not conform to procedural deadlines and case management schedules and 2) the Joint Motion is unusual in that it is made by both Plaintiffs and all of the Defendants remaining in the case with the exception of the United States of America.

The United States cites to Fed.R.Civ.P. 6(b) and states that when a motion for enlargement is made prior to the expiration of the period originally prescribed, as it was to continue the trial, the court may order the period enlarged for "good cause shown" under 6(b)(1) and when a motion is made after the expiration of the specified period, as it was for the discovery and expert disclosure periods, the movant must establish "excusable neglect." Fed. R.Civ.P. 6(b)(2).

According to Wright & Miller, excusable neglect generally seems to require "a demonstration of good faith on the part of the party seeking an enlargement of time and some reasonable basis for noncompliance within the specified rules" and a "lack of prejudice to the opposing parties." 48 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 1998). The parties to the Joint Motion have demonstrated good faith throughout the proceedings to date and have offered several reasons why discovery needs to continue outside of the dates set in the Case Management and Scheduling Order. While extending

the discovery deadlines in this case and allowing for several new depositions to occur will increase the workload associated with this case, an increase in work does not equate to prejudice. Finally, the fact that the other Defendants in the case have joined in the Joint Motion and are not claiming prejudice in this case also militates strongly against any finding of prejudice to the United States.

This case warrants determination based on its real merits, which can happen only after if the discovery process allows for thorough factual development. Adherence to the previous discovery deadlines set in this case would preclude an evaluation of this case on the merits and thus, the Undersigned finds good cause to extend the discovery deadlines in this case through March 31, 2006. In order to accommodate the discovery extension, the trial date will be reset by separate order of the District Judge.

Accordingly, the Joint Motion (Dkt. 79) is **GRANTED** and the Motion for Leave to Take Further Discovery filed by Defendants, Dr. Brian Butler and Radiology Associates of West Florida (Dkt. 75) is **DENIED AS MOOT**. The pretrial conference scheduled in this case for September 13, 2005, is cancelled. An amended Case Management and Scheduling order resetting the pertinent deadlines in this case will be issued by separate order.

**DONE and ORDERED** in Tampa, Florida on this 12th day of September 2005.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:
Counsel of Record
Judge Steven D. Merryday